UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **FREDERICCO L. BURKS** | **CIVIL ACTION NO. 21-136-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **JULLIAN WHITTINGTON, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM ORDER**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Fredericco L. Burks ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 15, 2021. Plaintiff is incarcerated at the Bossier Maximum Security Facility in Plain Dealing, Louisiana. Plaintiff names Julian C. Whittington, Rodney Bowyer, Jason Porter, the Bossier Maximum Correctional Facility, and the Bossier Parish Sheriff Office as defendants.

Plaintiff claims that during the entire ten months of his current incarceration at the Bossier Maximum Security Facility, the staff refused to implement a 14 day quarantine period as part of the intake process. He claims the staff immediately integrated potential Covid-19 carriers into the I-Pod after processing. He claims that as a result, he contracted Covid-19.

Plaintiff claims that on December 26, 2020, the inmates were tested for Covid-19 and on December 30, 2020, he received his positive diagnosis. He claims he was immediately relocated for dual isolation with another inmate who also tested positive. He

claims staff members failed to consider that he and the other inmate may have had two different strands of the virus or that dual isolation may cause further issues.

Plaintiff claims he suffered physical, psychological, and emotional complications because of the harsh conditions. He claims he received no medical treatment. He claims he was denied vitamins and medical care to promote a full and healthy recovery process.

Plaintiff claims he has intense night sweats, a cough, abdominal and chest pains, shortness of breath while sleeping, and a plethora of other symptoms. He claims he has not received a prognosis for his condition.

Accordingly, Plaintiff seeks monetary and punitive damages and any other relief to which he is entitled.

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require Plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated. This conclusion must be supported by specific factual allegations which state the name(s) of each person who allegedly violated Plaintiff's constitutional rights; which describe what actually occurred or what each Defendant did to violate Plaintiff's rights; the place where and date when the event occurred; and a description of the resultant injury.

In addition, Plaintiff shall state:

    (1)    Fully explain the medical condition about which you are complaining.

    (2)    What is your current diagnosis?

    (3)    Who made this diagnosis (name, title and by whom employed)?

(4) List all the occasions that you were denied medical. For each occasion state:

    (a) When.

    (b) Who denied you medical care.

    (c) Why were you denied medical care.

    (d) What medical care were you denied.

(5) What medical treatment have you received for the condition involved in this suit?

(6) On what dates did you receive medical treatment?

(7) What was the specific treatment you received on each date, including medication?

(8) Were you hospitalized for your condition? If so, for how long? Where? What was done while you were hospitalized?

(9) Have you requested medication for your condition?

(10) For each request for medication, state:

    (a) To whom did you make the request?

    (b) The date and time of the request.

    (c) Did you make the request verbally or in writing?

    (d) What happened in response to your request?

(11) What medical treatment have you been denied?

(12) Is there some specific medical treatment you are claiming you should have received that you did not receive? If so, explain what treatment and why you feel you should have received it.

(13) Have you requested any specific medication or treatment which the Defendants refused you? If so, explain.

(14) List all occasions that you were seen by medical personnel and state for each occasion:

    (a) The date.

    (b) The name and title of the person you saw.

    (c) Where you saw them (hospital, infirmary, clinic, etc.).

    (d) What you told them and what they told you.

    (e) Were you examined?

    (f) What treatment did you receive?

    (g) What medication or prescription for medication did you receive? Did you receive any over-the-counter type medication?

(15) What harm was caused to you by the events made the basis of your medical claim?

(16) Does your medical condition interfere with your normal activities? Explain.

(17) What is the personal involvement of each Defendant in the events and situation forming the basis of this lawsuit? Be specific as to personal involvement.

For this court to determine what action, if any, shall be taken on this suit;

THE CLERK IS DIRECTED to serve by mail, a copy of this memorandum order upon the Plaintiff who must then furnish to the Clerk of Court in Shreveport, Louisiana, within thirty (30) days after service of this order, an amended complaint and the answers in numbered paragraphs corresponding to each question.

Plaintiff is **FURTHER ORDERED** to respond within thirty (30) days of entry of this order by submitting to the Clerk an original of your answers. The Clerk will not issue summons until Plaintiff's answers are evaluated by the court.

Failure to file an amended complaint within thirty (30) days of the service of this order will result in dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Thus done and signed in chambers in Shreveport, Louisiana, this 3rd day of March 2021.

Mark L. Hornsby
U.S. Magistrate Judge